Dear Mr. Diez:
We are in receipt of your opinion request as general counsel for the Ascension Parish School Board. Your request has been assigned to me for consideration and response. Specifically, you ask:
 "May a School Board enact a policy which requires that the signature of a school principal be included on any check written by the school booster club of that principal's school?"
LSA-R.S. 17:414.3 provides in pertinent part:
 (A) The principal of every public elementary and secondary school shall maintain a school fund as provided for in this Section for the management of any money which accrues to benefit his school. The money provided by the state or the city or parish school system for support of the regular instructional program or the school facility shall not be included in the school fund provided for in this Section; such money shall be managed as directed by the agency from which it is received.
 (B)(1) The monies in the school fund shall be deposited in a single bank account, preferably interest-bearing, on which checks may be drawn. The bank shall be selected in the manner required by the policy or direction of the school board or, if there is no policy or direction, at the discretion of the principal.
 (2) Separate records or ledgers shall be maintained by the principal, or his designee from among the school staff, for each of the following sources of deposits into the school fund account:
 (a) Each club, organization, association, class, athletic team, or other organizational unit within the school, the existence of which complies with school and school board policy; the membership of which is either students, faculty, or employees of the school; and which generates money by collecting dues, conducting fundraisers, charging admission, or some other money generating activity for a purpose which the entity intends to control.
 (b) Each donation made to the school by an entity outside the school, whether it be a parents club, community, business, or civic organization, or other donor, when such donation is made for a specific or restricted use or purpose.
 (c) All donations made by the entity referred to in Subparagraphs (a) and (b) of this Paragraph as well as all monies raised by the school population generally which are unrestricted and which are intended for discretionary use to benefit the school, its students, faculty, employees, programs, or facilities.
(d) All monies in a school-wide effort for a specific use or purpose.
 (e) Any other money source, temporary or permanent, which is identifiable, approved by the principal, and has a need to maintain a record or ledger.
Thus, according to LSA-R.S. 17:414.3 all monies raised by clubs or organizations which are within the school must be deposited in the school fund. Further, monies raised by groups outside the school which are donated to the school must also be deposited in the school fund.
Monies in the school fund may only be withdrawn in accordance with LSA-R.S. 17:414.3B(3), which requires the signature of the principal. Thus, if the booster club referred to in your opinion request is a school sponsored group within the school, or it is outside the school but has donated its money to the school, the funds must be deposited in the school fund. The principal's signature is then required to be on all checks in order to withdraw money from this account.
On the other hand, if the booster club which you refer to is independent of the school and has not donated its funds to the school, the booster club may handle its funds as it chooses. (See Attorney General Opinion No. 90-674.) In that case, the school board's policy may not require the signature of the principal on checks written by the booster club.
I hope that this sufficiently answers your queries. If you require further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0385p